RITCHIE v. STATE.

Opinion relivered January 23, 1922.

1. INTOXICATING LIQUOR—EVIDENCE.—Evidence *held* to sustain conviction of selling intoxicating liquor.

2. CRIMINAL LAW—QUESTION FOR JURY.—The weight of evidence is for the jury.

3. CRIMINAL LAW—RESISTANCE OF ARREST AS EVIDENCE OF GUILT.—Proof that defendant resisted arrest by force is a circumstance indicating his guilt.

Appeal from Grant Circuit Court; *W. H. Evans,* Judge; affirmed.

*D. E. Waddell,* for appellant.

The evidence falls short of that substantial proof necessary to convict. Suspicion cannot be taken as proof. 118 Ark. 352; 20. *Id.* 454; 29 Cyc. 832; 94 Ark. 569; 65 *Id.* 279.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

Autry's testimony supports the verdict. Appellant's conduct in disposing of the whiskey to him was a mere subterfuge for a direct sale. 43 Ark. 75. The fact that

appellant resisted arrest was a circumstance indicating consciousness of guilt, and admissible in evidence. 38 Ark. 225; 45 *Id.* 135; 68 *Id.* 529; 25 *Id.* 92.

McCulloch, C. J. Appellant was tried and convicted in the circuit court of Grant County of the offense of selling intoxicating liquor, and the principal ground urged here for reversal of the judgment is that the evidence is not sufficient to sustain the verdict of the jury.

The State introduced proof tending to show that appellant sold whiskey at or near the town of Leola, in Grant County. One of the witneses testified that appellant came to him and asked him if he did not want to buy "some good stuff" for $4 per quart, and, an affirmative answer being returned, appellant conducted the witness to a spot in a heading-yard near by and showed the witness a quart of whiskey. The witness testified that he placed $4 on the ground beside the bottle of whiskey and left the place for a few minutes and then returned and found appellant and the money gone, but the whiskey still there. The same witness testified that on another occasion appellant accosted him and asked whether or not he would like to get some "good stuff" at $4 a quart, and carried him out on the pike near Leola and showed him a bottle of whiskey at the root of a tree, and the witness carried through the same performance as at the heading-yard and laid down $4 beside the bottle of whiskey and stepped aside a few moments and came back and found appellant and the money gone and the whiskey still there. In each instance the witness paid the money and got the whiskey. There were other witnesses in the case who gave testimony tending to show the sale of whiskey by appellant. There was a conflict in the testimony, for appellant himself testified that he had not sold any whiskey and had not carried the witnesses to the places where they claimed to have gotten it. The weight of the evidence was for the jury, and it was sufficient to justify the verdict of guilty.

Appellant, on cross-examination, was asked concerning his efforts to resist arrest, and upon denial the State introduced the arresting officer to prove that appellant had made resistance. We have often held that attempted flight is a circumstance indicating guilt, which made it competent testimony in a criminal case, and for the same reason resistance of arrest by force is equally competent. The weight of such testimony is of course always a question for the trial jury.

Judgment affirmed.